IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN JOSEPH ARNOLD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| FRANK GREEN, ET AL. | : | NO. 10-5090 |

**MEMORANDUM**

**Padova, J.**                                                                                                    **October 11, 2011**

      Pro se Plaintiff Darren Joseph Arnold, who was, at all relevant times, a prisoner incarcerated at the George W. Hill Correctional Facility ("GWH") in Delaware County, Pennsylvania, brings this action in forma pauperis pursuant to 42 U.S.C. § 1983 against twenty-four prison officials and contractors. He alleges in his Second Amended Complaint that he has been sexually harassed and denied access to adequate medical care, in violation of the Eighth Amendment to the United States Constitution, and that various other events at the prison, including inaction on his grievances, have violated his constitutional rights.

      Before the Court are four Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The first was filed by Defendants Frank Green, Emmanuel Asante, Michael J. Maher, Susan Kendra, Linda Maher, Joanne Abt, Correctional Officer Ernest Pressley, Peggy Rosser, Justin Wood, James Schaum, Sergeant Kendall, Sergeant Jones, Charles Csicsek, and Yaw Kissi; the second by Defendants Dr. Ronald Phillips and Dr. Carl Pierce; the third by Defendant Robert Simon; and the fourth by Defendant Contract Pharmacy Services ("CPS").[1] We have considered these Motions and have also screened the Second Amended Complaint as required by 28 U.S.C. §

---

[1] Plaintiff has not yet served six additional individuals who are named as Defendants in the Second Amended Complaint: Dr. Lisa Tabeth, Correctional Officer Roselothan, Correctional Officer Osilen, Dr. Lauren, Nurse Oliver, and Correctional Officer Burg.

1915(e)(2) and 28 U.S.C. § 1915A.[2] For the following reasons, we grant all four Motions and dismiss the Second Amended Complaint, but give Plaintiff leave to file a Third Amended Complaint to re-assert certain claims that we are not yet certain are futile.

I.   **FACTUAL BACKGROUND**

The Second Amended Complaint (the "Complaint") alleges as follows. "Four different departments" of GWH have violated Plaintiff's constitutional rights: the medical department, the "CEC Kitchen," the "Shift Commander Unit," and the "Disciplinary Hearing Unit." (Second Am. Compl. ("Compl."), at 2.) Plaintiff complains about both "cruel and unusual punishment," and "medical neglect." (Id. ¶¶ 1-2.)

According to the Complaint, members of the medical department and other Defendants have ignored Plaintiff's medical needs and failed to provide him with adequate medical care by, among other things, refusing to give him requested vaccines; failing to treat his asthma and eczema; failing to approve and/or deliver special food trays to accommodate his food allergies; and refusing him access to the medical department. (Id. ¶¶ 3-12, 14, 21-23.) The Complaint further alleges that certain Defendants have sexually harassed Plaintiff, terminated him from his kitchen job without cause, made jokes about his medical condition, sent him to medical without shoes, and denied him

---

[2]Pursuant to 28 U.S.C. § 1915(e)(2), where, as here, a plaintiff has filed a complaint in forma pauperis, we may at any time dismiss claims that we determine to be frivolous or malicious, or which fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Similarly, pursuant to § 1915A, we must review complaints filed against officers and employees of governmental entities for frivolousness, maliciousness and failure to state a claim as soon as practicable after docketing. 28 U.S.C. § 1915A(a), (b). We review the sufficiency of the pleadings under § 1915(e)(2) and § 1915A using the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Walker v. Hensley. Civ. A. No. 08-685, 2009 WL 5064357, at *4 (E.D. Pa. Dec. 23, 2009) ("The legal standard for dismissing a complaint for failure to state a claim pursuant to Section 1915(e)(2)(B) and Section 1915A is identical to the legal standard used when ruling on a Rule 12(b)(6) motion." (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999))).

access to his attorney. (Id. ¶¶ 11-13, 15, 16-20, 24.) Over a period of approximately six months (August 2010 through January 2011), Plaintiff submitted over twenty grievances to the prison warden, but only thirteen were issued grievance numbers, and nine more were either "ignored" or "refused." (Id.) Moreover, none of the thirteen acknowledged grievances resulted in corrective action. (Id. ¶ 2.) Plaintiff requests, as relief for the alleged constitutional violations, $40 million in compensation.

## II.  LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 1235-36 (3d ed. 2004)).

On the other hand, in cases involving pro se plaintiffs alleging violations of civil rights, "[i]f a complaint is vulnerable to dismissal for failure to state a claim, a District Court must grant the plaintiff leave to amend 'unless an amendment would be inequitable or futile.'" Zanders v. Ferko, 389 F. App'x 88, 89 (3d Cir. 2010) (quoting Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997). In assessing futility, we apply the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). Id. (citation omitted).

**III. DISCUSSION**

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Luger v. Edmundson Oil Co., Inc., 457 U.S. 922, 930 (1982). Section 1983 "does not, by its own terms, create substantive rights" but, rather, it merely "provides remedies for

deprivations of rights established in the Constitution or federal laws." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)).

Reading the Complaint liberally, it appears that Plaintiff attempts to assert § 1983 claims based on (1) denial of medial care; (2) sexual harassment at the hands of a correctional officer; (3) deficiencies in the prison grievance procedures; (4) harassing comments; (5) loss of his job in the prison kitchen; (6) two Defendants having sent him to the medical department without shoes; (7) denial of access to his attorney, and (8) a prison official's opening and reading his legal mail.

**A.     Medical Care**

To state a claim under the Eighth Amendment for denial of medical care, a plaintiff must plausibly allege "that defendants were deliberately indifferent to his serious medical needs." Rhines v. Bledsoe, 388 F. App'x 225, 227 (3d Cir. 2010) (citing, inter alia, Estelle v. Gamble, 429 U.S. 97, 104 (1976)). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). Moreover, the medical need must be such that "a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." Tsakonas v. Cicchi, 308 F. App'x 628, 632 (3d Cir. 2009).

A prison official acts with deliberate indifference to a serious medical need "when he knows of and disregards an excessive risk to inmate health or safety." Brown v. Thomas, 172 F. App'x 446, 450 (3d Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "The official must be aware of the facts from which an inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." Id. (citation omitted). Given these prerequisites to a valid constitutional claim based on deliberate indifference, factual allegations suggesting only an "'ordinary lack of due care for the prisoner's interests or safety'" will not suffice to meet the pleading requirements for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 835 (quoting Whitley v. Albers, 975 U.S. 312, 319 (1986)).

The Complaint alleges that Plaintiff had medical needs associated with his asthma, eczema, and allergies to seafood and fish, as well as a need for vaccinations. It further alleges that various Defendants, who are medical personnel, non-medical personnel, and a pharmacy,[3] were indifferent to these needs insofar as they failed to treat Plaintiff's ailments; did not order cream or ointment for his eczema and, instead, prescribed an "anti-itch" pill that did not work; refused to send him to medical when he submitted medical requests, including "emergency" requests, or when he had a valid medical pass; refused to give him tuberculosis and hepatitis shots; did not approve or provide a special food tray to accommodate his food allergies; and/or did not respond to a medical complaint. (Compl. ¶¶ 3-12, 14, 21-23.)

These unadorned allegations, however, do not state a plausible Eight Amendment claim for denial of medical care. Most notably, the Complaint does not contain any details concerning Plaintiff's alleged ailments, i.e., eczema, food allergies and asthma, from which we can infer that the

---

[3]The Defendants against whom Plaintiff appears to assert medical care claims are: Dr. Ronald Phillips, Dr. Carl Pierce, director of nursing Linda Maher, Nurse Susan Kendra, Nurse Peggy Rosser, Dr. Lisa Tabeth, Correctional Officer Ernest Pressley, Sergeant Justin Woods, Sergeant James Schaum, Sergeant Jones, Correctional Officer Michael Maher, Correctional Officer Robert Simon, Charles Csicsek, Yaw Kissi (incorrectly designated in the Complaint as Vincent Richard Yohw), and CPS.

ailments presented "an excessive risk to [his] health and safety." Brown, 172 F. App'x at 450. Likewise, there are no allegations that support an inference that Defendants' alleged failure to vaccinate Plaintiff actually placed Plaintiff at an excessive risk of infection from either hepatitis or tuberculosis; rather, the vaccination claim appears to be based on mere speculation that Plaintiff is now at risk of infection.[4] Under these circumstances, there is simply nothing in the Complaint that gives rise to an inference that Plaintiff's alleged medical needs are such that "a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death" and can therefore be considered "serious" under constitutional standards. Tsakonas, 308 F. App'x at 632. This pleading deficiency alone is sufficient to warrant dismissal of Plaintiff's medical care claims.

We nevertheless also note that the Complaint contains no allegations that plausibly suggest that any of the Defendants to Plaintiff's medical care claims deliberately disregarded any of Plaintiff's medical needs.[5] While the Complaint alleges that various Defendants did not send Plaintiff to the medical department when he desired medical attention, it does not allege facts that would support inferences that he actually needed prompt medical care on those occasions or that any particular Defendant knew that Plaintiff was in need of prompt medical care. Furthermore, the Complaint alleges that Plaintiff received periodic medical attention at the prison insofar as it alleges

---

[4]The Complaint alleges that Plaintiff "never had any shots . . . at [GWH]" but does not allege that Plaintiff had not been vaccinated prior to his arrival at GWH, or that Plaintiff was at risk of exposure to tuberculosis or hepatitis at GWH. (Compl. ¶ 7.)

[5]Because the Complaint does not describe any medical needs that are "serious" from a constitutional standpoint, it goes without saying that the Complaint also does not adequately allege that Defendants deliberately disregarded serious medical needs.

that he had certain appointments with medical personnel and even spent time in a medical unit.[6] (See, e.g., Compl. ¶ 6 (referencing medical appointments on August 12, 2010 with Nurse Kendra, and on September 18, 2010 with Dr. Tabeth); ¶ 3 (referencing an appointment with Dr. Phillips, apparently on September 28, 2010); ¶¶ 17-18 (referencing two trips to the medical department); ¶ IV.G (alleging that Plaintiff was housed in a medical unit for some period of time in December 2010).) Although the Complaint makes clear that Plaintiff did not agree with the medical treatment and advice that he received, (see, e.g., id. ¶ 5 (alleging that Nurse Maher erroneously advised him that he was not allergic to fish or seafood); ¶ 9 (alleging that Dr. Tabeth prescribed anti-itch pill for eczema, even though Plaintiff desired cream or ointment)), mere disagreement with a course of treatment does not suffice to support an Eighth Amendment claim for denial of medical care. Lanzaro, 834 F.2d at 346. We therefore conclude that the Complaint does not allege facts that support a cognizable claim of deliberate indifference under the Eighth Amendment with respect to the medical care that Plaintiff received at GWH

In addition, with respect to Defendant CPS, we note that the Complaint does not allege that

---

[6]Where, as here, the prisoner was receiving some medical treatment, non-medical prison personnel cannot ordinarily "be considered deliberately indifferent simply because they failed to respond directly to the [prisoner's] medical complaints." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Indeed, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Here, the Complaint asserts medical care claims against several individuals who are not alleged to have medical backgrounds or responsibilities, i.e., C.O. Pressley, Sgt. Wood, Sgt. Schaum, Sgt. Jones, C.O. Maher, C.O. Simon, Charles Csicsek, and Yaw Kissi, and does not allege that any of those Defendants had reason to believe that Plaintiff was being mistreated by medical personnel. Accordingly, the Complaint also fails to state medical care claims upon which relief may be granted against these Defendants for this reason.

CPS is a state actor.[7] See Luger, 457 U.S. at 930 (explaining that, to state a § 1983 claim, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law). CPS asserts in its Motion to Dismiss that it is merely a private party that has contracted with a company that provides healthcare services to inmates at GWH, Community Education Center, Inc. ("CEC"), to fill prescriptions written by CEC physicians. "Although it is possible for a private party to violate an individual's § 1983 rights, the individual alleging such a violation is not relieved of the obligation to establish that the private party acted under color of state law." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). "'[T]he inquiry must be whether there is a sufficiently close nexus between the State and the challenged action [of the private party] so that the action of the latter may be fairly treated as that of the State itself.'" Id. (alterations in original) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)). Here, the Complaint includes no allegation whatsoever with respect to CPS's status vis-a-vis GWH or the Commonwealth of Pennsylvania and, thus, does not adequately alleged that CPS is a state actor. Accordingly, for this reason, as well as the additional pleading failures set forth above, Plaintiff has failed to state a cognizable Eighth Amendment claim for denial of medical care against CPS.

For the foregoing reasons, we conclude that Plaintiff has failed to state any plausible Eighth Amendment claim upon which relief may be granted for denial of medical care. We are, however, unable to say at this stage of the proceedings that Plaintiff is entirely unable to state such a claim

---

[7]The Complaint's only allegation pertaining to CPS is that it did not respond when Plaintiff "made [his] first complaint on [the] medical Department." (Compl. ¶ 6.) While we consider this claim to be a medical care claim for lack of any better classification, it obviously falls fall short of the pleading requirements for a claim of "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 104.

against any Defendant.[8] Accordingly, we grant Plaintiff leave to amend his denial of medical care claims and re-assert them in a Third Amended Complaint, but caution him to carefully consider the pleading requirements set forth above and to assert only claims for which he can plead facts that he genuinely believes can satisfy those requirements.[9]

### B. Sexual Harassment

The United States Court of Appeals for the Third Circuit has not addressed the circumstances under which a correctional officer can be held liable under § 1983 for the sexual harassment of an inmate. See Gause v. Dombrowsky, Civ. A. No. 07-3752, 2008 WL 4925011, at *3 (E.D. Pa. Nov. 17, 2008) (noting the lack of binding precedent in this area). However, "the Ninth Circuit [has] held

---

[8]CPS contends that amendment of the claim against it would be futile, pointing to its contract with CEC, which it attaches to it Motion to Dismiss. It asks us to conclude, on the basis of the contract, that CPS did not "contract[] directly" with GWH or the Commonwealth of Pennsylvania, but rather contracted "with a private, intermediary third party," and that CPS therefore did not "act[] (or fail[] to act) under color of state law." Kost, 1 F.3d at 184-85. However, when evaluating the futility of amendment, we "may only consider the pleading, exhibits attached to the pleading, matters of public record, and undisputedly authentic documents if the claims are based on those documents." TransWeb, LLC v. 3M Innovative Props. Co., Civ. A. No. 10-4413, 2011 WL 2181189, at *10 (D.N.J. June 1, 2011) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). Accordingly, we may not consider the contract attached to CPS's Motion, and cannot conclude that amendment would be futile on that basis. We nevertheless urge Plaintiff to consider the contract that CPS has submitted in determining whether he can plausibly allege that CPS is a state actor that may be subject to liability under § 1983.

[9]In this regard, we note that when we dismissed Plaintiff's First Amended Complaint, we advised Plaintiff that in order to state a colorable medical care claim in a Second Amended Complaint, he would need to allege "'deliberate indifference to serious medical needs'" and not a "'mere inadvertent failure to provide medical care.'" (See Dec. 1, 2010 Order at 1 n.1 (quoting Estelle, 429 U.S. at 104-05).) In spite of this preliminary warning, the allegations in Plaintiff's Second Amended Complaint remain woefully inadequate. Under these circumstances, we will not hesitate to dismiss any medical care claims in Plaintiff's Third Amended Complaint without further leave to amend should his Third Amended Complaint again fall short of these basic pleading requirements.

that the Eighth Amendment is violated when an inmate endures verbal sexual harassment from prison guards *plus* physical sexual assault or threats of physical sexual assault." Id. (citing Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000)). In addition, "the Seventh Circuit [has] held that mere verbal sexual harassment, without accompanying physical contact, is not enough to state a claim for an Eighth Amendment violation." Id. (citing DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)). Other courts in this Circuit have indicated that an inmate can only state an Eighth Amendment claim against a correctional officer for sexual harassment by alleging severe or repetitive sexual abuse. See, e.g., Miller v. Coning, Civ. A. No. 11-377, 2011 WL 2708649, at *3 (D. Del. July 12, 2011) (citing Harris v. Zappan, Civ. A. No. 97–4957, 1999 WL 360203, at *4 (E.D. Pa. May 28, 1999)). Under this standard, "a single isolated incident of sexual harassment that is not in and of itself severe" cannot support a cognizable Eighth Amendment claim. Id. (citations omitted).

Here, the Complaint alleges only that Sergeant Wood "sexual[ly] harass[ed]" Plaintiff; that Sergeant Schaum and C.O. Maher were both "involve[d] with the sexual harassment;" and that C.O. Maher did not do anything to stop it. (Compl. ¶¶ 11, 12, 16.) The Complaint does not provide any further detail regarding any alleged sexual harassment, much less allege any physical sexual assault or threat of physical assault.[10] Given the Complaint's lack of specifics, it does not support an

---

[10] A three-page grievance that is attached to the Complaint recounts an incident that may be the source of the sexual harassment claim, although the grievance does not concern sexual harassment *per se*. According to the grievance, Sergeant Wood scolded Plaintiff for working in the kitchen and then, along with Sergeant Schaum, escorted him to a cell. (Inmate/Resident Grievance Form at 1.) Sergeant Wood stripped Plaintiff naked and left him in the cell with another inmate. (Id.) Sometime thereafter, Sergeant Maher came to Plaintiff's cell and asked him to write a statement regarding the incident. (Id. at 2.) Plaintiff, however, initially refused to make a statement

11

inference that the alleged sexual harassment was either severe or ongoing. Under these circumstances, we conclude that Plaintiff has failed to state any cognizable claims under the Eighth Amendment based on sexual harassment, and we therefore dismiss those claims. However, we grant Plaintiff leave to re-assert his sexual harassment claims in his Third Amended Complaint, provided that he can allege facts that would support cognizable sexual harassment claims under the above standards.

### C. Grievance Procedure

"Inmates do not have a constitutionally protected right to the prison grievance process." Burnside v. Moser, 138 F. App'x 414, 416 (3d Cir. 2005) (citation omitted). Moreover, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates." Id. (citation omitted). As such, a "'prison official's response or lack thereof to an inmate's [a]dministrative remedies is not sufficient alone to hold the official liable in a civil rights action.'" Allen v. Passaic Cnty. Jail, Civ. A. No. 09-408, 2009 WL 4591206, at *8 (E.D. Pa. Dec. 4, 2009) (quoting Spencer v. Kelchner, Civ. A. No. 06-1099, 2007 WL 88084, at *7 (M.D. Pa. Jan. 9, 2007)). The Complaint appears to assert claims against Emmanuel Asante and Justin Wood for failing to process, respond to, or take corrective actions concerning Plaintiff's many grievances. (See Compl.

---

because he was naked, and Sergeant Maher threatened to write up Plaintiff for refusing. (Id.) Plaintiff therefore "filled out his statement naked," during which time Sergeant Maher stared at his "private part." (Id.)

In their Motion to Dismiss, Defendants Wood, Schaum and Maher do not acknowledge the content of the attached grievance, and Plaintiff does not redirect our attention to that content in his response to the Motion to Dismiss. Under these circumstances, if Plaintiff seeks to rest a constitutional claim on the allegations in the grievance, he should more clearly assert such a claim in his Third Amended Complaint, and should specify the constitutional right or rights that he contends Defendants violated by their conduct.

¶¶ 2, 11.) It also asserts a claim against Warden Frank Green for failing to respond to six "letter[s] of complaints," the contents of which are not alleged. (Id. ¶ 1.) However, given that inmates do not have any constitutionally protected right to the state-provided grievance procedures, these claims are not cognizable and we dismiss them with prejudice. Moreover, because such claims are futile under the controlling law, Plaintiff may not reassert them in his Third Amended Complaint.

### D. Verbal Harassment

"Verbal harassment of a prisoner, without more, does not violate the Eighth Amendment." Mimms v. U.N.I.C.O.R., 386 F. App'x. 32, 35 (3d Cir. 2010) (citing McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001), and DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000)); see also Smith v. Municipality of Lycoming Cnty., 335 F. App'x 147, 150 (3d Cir. 2009) ("Mere verbal harassment or abuse, like a comment about the thickness of [inmate's] medical file or a question about the validity of one of [inmate's] medical complaints, is not a civil rights violation." (citation omitted)). Consequently, "[a]llegations of verbal abuse or harassment, unaccompanied by a reinforcing physical act, are generally not actionable under § 1983." Gause v. Dombrowsky, Civ. A. No. 07-3752, 2008 WL 4925011, at *4 (E.D. Pa. Nov. 17, 2008); see also Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.")

Here, the Complaint alleges that Sergeant Kendall made "aggravated [and] harassing comments of [Plaintiff's] health;" that Dr. Lauren and Nurse Oliver made jokes regarding Plaintiff's medical condition; and that C.O. Roselethan yelled, screamed, and shouted at Plaintiff. (Compl. ¶¶ 13, 17, 19-20.) Based on the authority cited above, we conclude that these allegations do not give

rise to any cognizable constitutional claims under § 1983 and that amendment of these claims would be futile. We therefore dismiss Plaintiff's claims against Sergeant Kendall, Dr. Lauren, Nurse Oliver, and C.O. Roselethan for verbal harassment with prejudice. Accordingly, Plaintiff may not re-assert these claims in his Third Amended Complaint.

### E. Prison Job

"[P]risoners enjoy no protected interest in prison employment." Fiore v. Holt, Civ. A. No. 11-1907, 2011 WL 2632163, at *4 (3d Cir. July 6, 2011) (per curiam) (citing James v. Quinlan, 866 F.2d 627, 629–30 (3d Cir.1989)). Indeed, because "[j]ob classifications are uniquely the province of prison authorities, not the courts," an inmate has no "vested right to a particular job that a court could enforce." Burns v. Pa. Dep't. of Corr., 642 F.3d 163, 180 (3d Cir. 2011).

Here, the Complaint alleges that Defendant Joanne Abt "terminated [Plaintiff's] position in the kitchen without any cause or reason."[11] (Compl. ¶ 15.) Because an inmate has no constitutionally protected interest in retaining any particular prison job, this allegation does not state a cognizable claim under § 1983 and amendment of the claim would be futile. We therefore dismiss this claim against Defendant Abt with prejudice, and Plaintiff may not re-assert the claim in his Third Amended Complaint.

### F. Opening and Reading of Legal Mail

"Pennsylvania state prisoners have a First Amendment right not to have properly marked legal mail opened outside of their presence." Diaz v. Palakovich, Civ. A. No. 07-2190, 2009 WL

---

[11] According to Defendants, Plaintiff incorrectly refers to Defendant Joanne Abt at "Sergeant Appts."

14

811712, at *7 (M.D. Pa. Mar. 26, 2009) (citing Bieregu v. Reno, 59 F.3d 1445, 1458 (3d Cir. 1995), and Jones v. Brown, 461 F.3d 353, 355 (3d Cir. 2006)). Where there is "a pattern and practice of opening properly marked incoming legal mail outside an inmate's presence," an inmate need not allege actual injury in order to state a cognizable First Amendment claim. Thompson v. Hayman, Civ. A. No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011). However, where an inmate complains of "a single, inadvertent opening of properly marked legal mail outside [of his] presence," he must also allege actual injury in order to state a cognizable claim. Id. (citing Bieregu, 59 F.3d at 1458). To allege "actual injury" in this context, a plaintiff must allege that his "efforts to pursue a nonfrivolous claim were hindered by the defendants." Gutridge v. Chesney, Civ. A. No. 97-3441, 1998 WL 248913, at *2 (E.D. Pa. May 8, 1998) (citing Lewis v. Casey, 518 U.S. 343 (1996)).

Here, the Complaint accuses Sergeant Wood of "unlawful[ly] obtaining and reading [Plaintiff's] court information regards to the case CA#10-5090 & #cr-0000121-10." (Compl. ¶ 11.) The Complaint does not allege additional facts from which we can infer whether this was a single, inadvertent incident or part of a pattern and practice, and it does not allege that Plaintiff suffered actual injury as a result of Sergeant Wood's conduct. The Complaint also fails to allege that the "court information" that Sergeant Wood allegedly obtained and read was "properly marked" as "legal mail." Thompson, 2011 WL 2652185, at *5. Under these circumstances, Plaintiff has failed to state a First Amendment claim upon which relief may be granted based on improper access to his legal mail. We therefore dismiss Plaintiff's claim against Sergeant Wood for reading Plaintiff's "court information." On the other hand, we are not certain that Plaintiff cannot allege facts that would state a cognizable claim based on Sergeant Wood's conduct in this regard. We therefore grant him leave

to re-assert this claim in his Third Amended Complaint, provided that he can allege facts that would support a cognizable claim under the standards set forth above.

### G. Sending Defendant to Medical Without Shoes

Plaintiff alleges that two Defendants, Correctional Officer Osilen and Correctional Officer Roselothan, sent him to the medical department without shoes. (Id. ¶¶ 17-18.) He appears to contend that the two Defendants' conduct in this regard violated his right to be free from cruel and unusual punishment under the Eighth Amendment. However, prison conditions only "amount to cruel and unusual punishment if they cause 'unquestioned and serious deprivations of basic human needs" and "deprive inmates of the minimal civilized measure of life's necessities." Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 417-18 (3d Cir. 2000) (citation omitted). Thus, to state an Eighth Amendment claim based on a prison condition, a plaintiff must allege "a sufficiently serious objective deprivation." Id. (citation omitted). While we have no doubt that Plaintiff experienced some discomfort walking to the medical department barefoot, this alleged condition does not objectively constitute a "serious deprivation[] of basic human needs" or otherwise deprive Plaintiff "of the minimal civilized measure of life's necessities." Id. Accordingly, we conclude that Plaintiff has failed to state claims upon which relief may be granted based on his barefoot walk to the medical department, and find any such claim to be both frivolous and futile. We therefore dismiss these claims with prejudice, and Plaintiff may not reassert such claims in his Third Amended Complaint.

### H. Denial of Access to Attorney

"Prisoners, as citizens, have a constitutional right to access the judicial system." Rivera v.

Miranda, Civ. A. No. 97-7547, 2001 WL 1173977, at *5 (E.D. Pa. Oct. 2, 2001) ("Rivera II") (citing Lewis v. Casey, 518 U.S. 343 (1996)).  "Included within the right to meaningful access to the courts is the right of prisoners to contact their attorneys."  Rivera v. Miranda, Civ. A. No. 97-7547, 1998 WL 639255, at *3 (E.D. Pa. Sept. 17, 1998).  A prisoner who alleges denial of access to the courts must allege:  "(1) that he was actually denied access to court; and that (2) such denial prejudiced the prosecution of a non-frivolous constitutional claim."  Rivera II, 2001 WL 1173977, at *6 (citing Lewis, 518 U.S. at 355-56).

Here, the Complaint alleges that Correctional Officer Burg "interfere[d] with [his] court case by rejecting [him] to see an attorney in the visitation room." (Compl. ¶ 24.)  It further alleges that "[d]uring the time I have seen a[n] attorney where I tried to report the false case to the Attorney, . . . C/O Burg made a Distraction and stated I could not speak to the Attorney."  (Id.)  The Complaint does allege that Plaintiff's inability to meet with his attorney on one occasion, and limited ability to confer with counsel on another, ultimately denied him the ability to raise a non-frivolous constitutional claim in the courts.  Moreover, it does not describe with any particularity a non-frivolous constitutional claim that Plaintiff desired to pursue, alleging only obliquely that Plaintiff desired to challenge a "false case."  Accordingly, Plaintiff has failed to state a right of access claim upon which relief may be granted against C.O. Burg.  We will, however, permit Plaintiff to reassert his denial of access claim against C.O. Burg in his Third Amended Complaint if he can allege the necessary facts to support such a claim under the standards set forth above.

## IV.   CONCLUSION

For the foregoing reasons, we grant all four Motions to Dismiss and dismiss the Second

17

Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 29 U.S.C. §§ 1915(e)(2) and 1915A. At the same time, Plaintiff may file a Third Amended Complaint asserting amended claims for denial of medical care, sexual harassment, interference with his legal mail, and denial of access to the courts.

     An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.
_____
John R. Padova, J.